United States District Court
Southern District of Texas
**ENTERED**
October 31, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AGUSTIN NUNEZ-REYNOSO, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:22-CV-00144 |
| FEDERAL BUREAU OF PRISONS, | § § § | |
| Respondent. | § § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Agustin Nunez-Reynoso, proceeding *pro se*, is a federal prisoner at the Federal Correctional Institution-Three Rivers in Three Rivers, Texas. In July 2022, he filed the present 28 U.S.C. § 2241 petition, alleging that his due process rights were violated during prison disciplinary proceedings. (D.E. 1). Respondent ("the Government") has filed a motion to dismiss contending that Nunez-Reynoso's petition is successive to two previous petitions. (D.E. 11). For the reasons discussed further below, it is recommended that the Government's motion to dismiss (D.E. 11) be **GRANTED** and Nunez-Reynoso's petition be **DISMISSED** as an abuse of the writ.

### I. JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is appropriate in this court because Nunez-Reynoso is incarcerated in the Southern District of Texas. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

## II. BACKGROUND

### a. *Petition*

In his petition, Nunez-Reynoso first alleges that the Bureau of Prisons ("BOP") violated his due process rights by charging him with fighting with another inmate despite there being no evidence to support the charge. (D.E. 1 at 6; D.E. 1-1 at 3-6). He notes that the other inmate involved had no injuries. (D.E. 1-1 at 4-5). Second, Nunez-Reynoso alleges that the BOP violated his due process rights by not giving him either counsel or a Spanish interpreter at the disciplinary hearing. (D.E. 1 at 6; D.E. 1-1 at 6). Nunez-Reynoso's petition and the documents attached to it indicate that he is challenging his disciplinary conviction for a charge of fighting with another inmate that occurred at FMC Devens on July 23, 2015. (D.E. 1 at 2; D.E. 1-2 at 1). The incident was assigned incident report number 2746638. (D.E. 1-2 at 11).

### b. *Prior Petitions*

On January 16, 2018, Nunez-Reynoso filed a § 2241 petition in the Northern District of Ohio, in which he contended that his due process rights were violated in a disciplinary hearing at FMC Devens. (N.D. Ohio Case No. 4:18-cv-00115, D.E. 1). Specifically, he argued that there was insufficient evidence to support a charge of fighting with another inmate because the other inmate involved had no injuries and that he was not given either counsel or a Spanish interpreter. (*Id.* at 3-5). The attachments to this Ohio petition refer to the same incident that Nunez-Reynoso challenges in his current petition. (*Id.*, D.E. 1-1

2

at 1). The Ohio Court denied Nunez-Reynoso's petition, concluding that his claims lacked merit. (*Id.*, D.E. 2 at 2-4). The Sixth Circuit affirmed. (*Id.*, D.E. 8 at 1).

On September 11, 2018, while his appeal was still pending in the Sixth Circuit, Nunez-Reynoso filed a second § 2241 petition in the Northern District of Ohio in which he raised the same claims. (N.D. Ohio Case No. 4:18-cv-02080, D.E. 1). It appears that Nunez-Reynoso may have erroneously filed his appellate brief with the district court because this petition was merely a copy of his January petition along with a copy of his appellate brief to the Sixth Circuit. (*See id.*, D.E. 1-1). In any event, the Ohio Court dismissed the second petition because it was identical to the first petition. (*Id.*, D.E. 2 at 1).

### III. DISCUSSION

In the motion to dismiss, the Government argues that the claims in Nunez-Reynoso's petition have already been rejected twice by the Northern District of Ohio and once by the Sixth Circuit. (D.E. 11 at 4-8). Accordingly, the Government argues that his petition should be dismissed as second or successive under 28 U.S.C. § 2244(a) or, alternatively, as frivolous. (*Id.*). The Government also notes that Nunez-Reynoso failed to disclose his previous cases regarding this disciplinary action on the *pro se* petition form. (*Id.* at 8-10).

It has been over one month since the Government filed the motion and Nunez-Reynoso has not responded.

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). Section 2244 applies to petitions filed under § 2241. *See Jennings v. Menifee*, 214 F. App'x 406, 407 (5th Cir. 2007). "Unless a habeas petitioner shows cause and prejudice, a court may not reach the merits of … successive claims that raise grounds identical to grounds heard and decided on the merits in a previous petition." *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992) (internal citation omitted). A court may otherwise hear a successive claim if a miscarriage of justice would result from the failure to consider the claim. *Id.* at 339.

Here, Nunez-Reynoso's § 2241 petition is an abuse of the writ because he has already raised the same claims in two previous petitions in the Northern District of Ohio. (N.D. Ohio Case Nos. 4:18-cv-00115, 4:18-cv-02080). His claims have already been rejected twice by the Northern District of Ohio and once by the Sixth Circuit. Thus, the legality of his detention based on these claims has already been determined by a court of the United States on a prior application. 28 U.S.C. § 2244(a). Nunez-Reynoso has not attempted to show cause and prejudice or that a miscarriage of justice would result were

4

the court to not consider his successive claims. *Sawyer*, 505 U.S. at 338. In any event, mere disagreement with the prior courts' decisions does not constitute cause to re-raise the claims or show a miscarriage of justice. Accordingly, Nunez-Reynoso's successive claims constitute an abuse of the writ and should be dismissed.

### IV.  RECOMMENDATION

Accordingly, it is respectfully recommended that the Government's motion to dismiss (D.E. 11) be **GRANTED** and Nunez-Reynoso's petition (D.E. 1) be **DISMISSED** as an abuse of the writ.

Respectfully submitted on October 31, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).